**FORT COLLINS NATIONAL BANK, A National Banking Association, Plaintiff-Appellant,**

v.

**FORT COLLINS NATIONAL BANK BUILDING, A Limited Partnership, David C. James, Chester N. Winter, and John A. Flueck, Defendants-Appellees.**

**No. 82CA0823.**

Colorado Court of Appeals, Div. III.

March 10, 1983.

Allen, Rogers, Metcalf & Vahrenwald, Donald E. Johnson, Jr., Fort Collins, for plaintiff-appellant.

No appearance by defendants-appellees.

KIRSHBAUM, Judge.

Plaintiff, Fort Collins National Bank (the Bank), appeals the trial court's summary judgment dismissing, *sua sponte*, plaintiff's second claim for relief against defendants, Fort Collins National Bank Building, David C. James, Chester N. Winter, and John A. Flueck (the partnership). We reverse.

The Bank filed a complaint against the partnership based upon alleged violations of several provisions of a lease entered into by the parties. The Bank's second claim requests a declaratory judgment defining the rights and obligations of the parties with respect to three particular paragraphs of the lease: a provision describing the Bank's rights to acquire additional rental space; a paragraph discussing a purchase option; and, finally, a section devoted to the Bank's rights to acquire additional parking spaces. The first and third claims request damages for alleged harassment and alleged breaches of the contract.

During pretrial proceedings, the trial court ruled that it lacked jurisdiction to enter a declaratory judgment respecting the provision for additional leasing and the purchase option because such claims were not ripe for adjudication. The trial court also entered an order pursuant to C.R.C.P. 54(b) declaring this ruling final for purposes of appeal. We agree that this judgment is properly before this court.

The Bank asserts that the trial court erred in concluding that the "parties have not alleged or shown to the Court that a controversy exists that this Court should address on declaratory judgment." We agree.

The question of whether an alleged case or controversy is "ripe" for adjudication is one that may not be answered in the abstract. *Compare Toilet Goods Ass'n v. Gardner,* 387 U.S. 158, 87 S.Ct. 1520, 18 L.Ed.2d 697 (1967) *with Abbott Laboratories, Inc. v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). That both parties seek a determination of the disputed language and, therefore, agree that there is a justiciable controversy is in itself not determinative. The jurisdictional question is whether the allegations of the complaint state an actual controversy over which the trial court is empowered to grant declaratory relief. *See CF & I Steel Corp. v. Colorado Air Pollution Control Commission,* 199 Colo. 270, 610 P.2d 85 (1980); *see also Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

The complaint alleges that the lease provision describing the Bank's right to obtain additional leased space includes limitations on the partnership's ability to increase rent commencing March 24, 1981. It also alleges that the option to purchase may be exercised "after the fifth year of the Bank's occupancy of the leased premises...." Both of these critical dates had passed at the time this action was filed. Finally, the complaint alleges that the Bank possesses immediate and available rights and that the partnership disputes the existence of such rights. These allegations are sufficient to establish an actual dispute over existing rights and responsibilities under the contract. *See, e.g., Bituminous Coal Operators' Ass'n v. International Union, United Mine Workers of America,* 585 F.2d 586 (3d Cir. 1978); *Hopkins v. Underwood,* 126 Colo. 224, 247 P.2d 1000 (1952).

We, therefore, conclude that the trial court does have jurisdiction to declare the

extent of the Bank's rights pursuant to the lease agreement.

The judgment is reversed and the cause is remanded for further proceedings.

VAN CISE and KELLY, JJ., concur.